## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DONALD and SHERYL HALL      )
309 N. Fillmore Street      )
Arlington, VA  22201,       )
                            )
            Plaintiffs,     )        Civil Action No.
                            )
v.                          )
                            )
U. S. DEPARTMENT OF JUSTICE )
950 Pennsylvania Avenue, N.W. )
Washington, DC 20530-0001,  )
                            )
            Defendant.      )
_____)

## COMPLAINT FOR DECLARATORY AND
## INJUNCTIVE RELIEF

Plaintiffs Donald and Sheryl Hall, by counsel, bring this action against Defendant United

States Department of Justice to compel compliance with the Freedom of Information Act, 5

U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiffs allege as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3.      Plaintiffs Donald and Sheryl Hall are residents of the Commonwealth of Virginia

and reside at 309 N. Fillmore Street, Arlington, Virginia  22201.  Plaintiff Sheryl Hall is an

employee of the Bureau of Alcohol, Tobacco, Firearms and Explosives.

4.      Defendant United States Department of Justice is an agency of the United States Government.  Defendant has its principal place of business at 950 Pennsylvania Avenue, N.W., Washington, DC  20530-0001.  Defendant has possession, custody, and control of records to which Plaintiffs seek access.

## STATEMENT OF FACTS

5.      On December 28, 2005, Plaintiffs sent a FOIA request to the U.S. Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives, seeking access to the following records:

1.      Incident Report used to initiate the investigation ATF Form 8600.39 (formally AFT F 8400.01)

2.      ROI #2005009 Dated February 1, 2005.  Available from OPRSO

3.      The "analysis" referred to by Larry Bell in e-mail dated June 24, 2004 regarding overbillings by Unysis.  <u>Available from OPRSO</u>

4.      ROI documents received by OPRSO via Tony Torres, provided to him by Lois Loser on or around June 22, 2004. <u>Available from OPRSO</u>

5.      (Priority) All documents generated by AFT Auditor James Brabender's "Audit Activities" on Unisys Contract alleged overpayments **previous to** and after June 25, 2004. <u>Available from Audit Services Division within OST</u>

6.      E-mail from Larry Bell addressed to Sheryl Hall **directing her to "extend"** herself to auditors and the team June 24, 2004 so the audit can be completed by July 2, 2004 as imposed by the Director.  <u>Available from OST ISD/Operations Branch Electronic Search</u>

7.      E-mail between Linda Cureton and Lois Loser 1 week prior to and 1 week after Dec. 29, 2003.  Especially include

email wherein e-mail is arriving or originating from private e-mail accounts bypassing AFT records systems.  <u>Available from OST ISD/Operations Branch Electronic Search</u>

8.    All exhibits of any nature and any financial documents examined by investigators to include those referenced within ROI #2005009 and those not referenced.

6.    Defendant acknowledged receipt of Plaintiffs' FOIA request in a letter dated January 18, 2006.  Defendant's letter also asserted that Plaintiffs' FOIA request was unclear as to which "FOIA category" applied to Plaintiffs' request and requested Plaintiffs "choose a fee category . . . and state how you intend to use the requested information."

7.    Shortly after receiving Defendant's January 18, 2006 letter, Plaintiffs selected a "fee category" and provided the requested information to Defendant.

8.    Defendant did not produce any responsive records to Plaintiffs until on or about April 11, 2006, at which time it released 98 pages of records.  At that time, Defendant redacted portions of these responsive records, asserting that the redacted portions were exempt from production under FOIA Exemptions 2, 5, and 6.

9.    On or about April 20, 2006, Defendant produced another 37 pages of responsive records to Plaintiffs, but again redacted portions of the records, asserting that the redacted portions were exempt from production under FOIA Exemptions 1, 2, and 6.

10.    A letter accompanying Defendant's April 20, 2006 production advised Plaintiffs that, if they disagreed with Defendant's determination regarding the redactions, they had the right to submit an administrative appeal to Defendant's Office of Information and Privacy within sixty (60) days.

-3-

11.     On or about May 8, 2006, Plaintiffs submitted an administrative appeal to Defendant's Office of Information and Privacy challenging Defendant's claims of exemption.

12.     Defendant's Office of Information and Privacy acknowledged receiving Plaintiffs' administrative appeal on May 15, 2006.

13.     Pursuant to 5 U.S.C. § 552(a)(6)(A)(ii), Defendant's response to Plaintiffs' administrative appeal was due on or before June 13, 2006.

14.     As of August 31, 2006, Defendant has failed to respond to Plaintiffs' administrative appeal.

15.     Because Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(ii) or extend that time limit pursuant to 5 U.S.C. § 552(a)(6)(B)(i), Plaintiffs are deemed to have exhausted any and all administrative remedies with respect to their December 28, 2005 FOIA request pursuant to 5 U.S.C. § 552(a)(6)(c).

### COUNT 1
(Violation of FOIA)

16.     Plaintiffs reallege paragraphs 1 through 15 as if fully stated herein.

17.     Defendant has violated FOIA by failing to produce unredacted records responsive to Plaintiffs' December 28, 2005 FOIA request.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) declare Defendant's failure to comply with FOIA to be unlawful; (2) enjoin Defendant from continuing to withhold unredacted records responsive to Plaintiffs' December 28, 2005 FOIA request; (3) grant Plaintiffs an award of attorney's fees and other litigation costs reasonably incurred in this action

pursuant to 5 U.S.C. § 552(a)(4)(E); and (4) grant Plaintiffs such other relief as the Court deems just and proper.

Dated:  August 31, 2006                    Respectfully submitted,

                                           JUDICIAL WATCH, INC.

                                           _Paul J. Orfanedes_

                                           Paul J. Orfanedes
                                           D.C. Bar No. 429716
                                           Suite 500
                                           501 School Street, S.W.
                                           Washington, DC 20024
                                           (202) 646-5172

                                           *Counsel for Plaintiffs*