UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD HALL, | ) |
| and | ) |
| SHERYL HALL | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 06-1540 (HHK) |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) |
| Defendant. | ) |

OPPOSITION TO MOTION
TO COMPEL *VAUGHN* INDEX

This is a new case in which the plaintiffs, Donald and Sheryl Hall, allege that the Department of Justice improperly withheld records responsive to their request made pursuant to the Freedom of Information Act ("FOIA"), U.S.C. § 552. Defendant answered the complaint on November 7, 2006, admitting certain allegations and denying others. The case is now ripe for entry of a briefing schedule.

Plaintiffs made a FOIA request to the Department of Justice on December 28, 2005. Defendant released 98 pages of records responsive to plaintiffs' FOIA request on April 11, 2006, and 37 more pages on April 20, 2006. Defendant withheld certain portions of the records pursuant to FOIA exemptions 2, 5, and 6. (Complaint & Answer).

Defendant acknowledges that it bears the burden to justify its withholding of records

responsive to plaintiffs' FOIA request. *See* 5 U.S.C. § 552(a)(4)(B); *see also Natural Res. Def. Council v. NRC*, 216 F. 3d 1180, 1190. A *Vaughn* index is a device, sanctioned by the D.C. Court of Appeals, which is commonly used by defendants to meet this burden. *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973); *Canning v. United States Dep't of Justice*, 848 F. Supp. 1037, 1042 (D.D.C. 1994)("Agencies are typically permitted to meet [their] heavy burden by 'filing affidavits describing the material withheld and the manner in which it falls within the exemption claimed.'"(quoting *King v. United States Dep't of Justice*, 830 F. 2d 210, 217 (D.C. Cir. 1987))). The case of *Vaughn v. Rosen* requires agencies to prepare an itemized index, correlating each withheld record with a specific FOIA exemption. *Vaughn v. Rosen*, 484 F.2d 820. This index allows the district court "to make a rational decision [about] whether the withheld material must be produced without actually viewing the documents themselves...[and] to produce a record that will render [its] decision cabable of meaningful review on appeal." *King*, 830 F.2d at 219.

Agencies typically prepare *Vaughn* indices in conjunction with a dispositive motion. Courts generally do not require the submission of a *Vaughn* Index prior to the time at which a dispositive motion is filed. This standard practice is based upon the need to maintain an orderly and efficient adjudicative process in FOIA cases, and upon the practical reality that some form of affidavit, declaration, or index virtually always accompanies the defendant agency's motion for summary judgment. *See, e. g. Tannehill v. Dep't of the Air Force,* No. 87-1335, slip op. at 1 (D.D.C. Aug. 20, 1987)(noting that standard practice is to await filing of agency's dispositive motion before deciding whether additional indices will be necessary).

Motions to compel the production of *Vaughn* indices prior to the filing of an agency's dispositive motion are typically denied as premature. *See, e.g., Miscavige v. IRS*, 2 F. 3d 366, 369

(11th Cir. 1993) ("The plaintiff's early attempt in litigation to obtain a *Vaughn* Index . . . is inappropriate until the government has first had a chance to provide the court with the information necessary to make a decision on the applicable exemptions."); *Stimac v. United States Dep't of Justice*, 620 F. Supp. 212, 213 (D.D.C. 1985)(denying as premature motion to compel *Vaughn* Index on ground that "filing of a dispositive motion, along with detailed affidavits, may obviate the need for indexing the withheld documents").

In this case, plaintiffs' motion to compel the production of a *Vaughn* index is premature and should be denied. This is a new case and no briefing schedule has yet been entered. Defendant would like the opportunity to meet its burden to justify its withholding of documents in a dispositive motion with supporting affidavits. Thus, the plaintiffs will receive a detailed justification for defendant's withholding in due course in this litigation. Defendant proposes to file a dispositive motion by February 22, 2007. Defendant also proposes that plaintiffs' opposition be due on March 19, 2007, and defendant's reply be due on April 6, 2007.

A proposed Order consistent with this Opposition is attached.

Respectfully submitted,


___/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney



___/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
United States Attorney



___/s/_____
CHARLOTTE A. ABEL, Bar # 388582
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-2332