UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Donald and Sheryl Hall, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.  06CV01540 |
| U.S. Department of Justice, | ) ) ) | |
| Defendant. | ) ) ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Defendant respectfully submits this Reply in response to Plaintiff's Opposition to Defendant's Motion for Summary Judgment submitted by Donald and Sheryl Hall by and through counsel.  As grounds thereof, defendant states as follows:

**I. Introduction**

Plaintiffs filed a FOIA request with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) on December 28, 2005.  On April 11, 2006, ATF's Disclosure Division released 98 pages of records to plaintiff.  On April 20, 2006, the Disclosure Division released another 35 responsive documents to plaintiffs.  On May 9, 2006, plaintiffs appealed administratively.  On August 31, 2006, while plaintiff's appeal was still pending, plaintiffs filed a complaint with this court.

## II.  The Freedom of Information Act

### A.  <u>ATF properly redacted records pursuant to the Deliberative Process Privilege of Exemption 5.</u>

### i.  The Deliberative Process Privilege applied to the Documents Redacted Under Exemption 5.

ATF properly redacted the released documents under the deliberative process privilege of Exemption 5.  5 U.S.C. § 552(b)(5).  As ATF's Disclosure Division clearly states in Mrs. Graham's Supplemental Declaration, this privilege was specifically applied to internal memoranda and emails deliberating how to proceed with, and expressing opinions on the progress of, an investigation into potential employee misconduct undertaken by ATF's Office of Professional Responsibility and Security Operations.

The deliberative process privilege in Exemption 5 is designed to encourage candid and unrestrained communication among government officials in the course of their duties.  <u>Sears, Roebuck & Co.</u>, 421 U.S. 132, 149-51 (1975); <u>United States v. Farley</u>, 11 F.3d 1385, 1389 (7th Cir. 1993); <u>Petroleum Info Corp. v. Dept. of the Interior</u>, 976 F.2d 1429, 1434 (D.C. Cir. 1992); <u>Access Reports v. Dept. of Justice</u>, 926 F.2d 1192, 1194-95 (D.C. Cir. 1991). The deliberative process privilege applies even subsequent to a final decision by the government, because "disclosure at any time could inhibit the free flow of advice." <u>Federal Open Market Committee v. Merrill</u>, 443 U.S. 340, 360 (1979). Additionally, the privilege protects the consultative functions of the government by preserving the confidentiality of opinions, recommendations, and deliberations, made in deliberating governmental decisions and policy formulations. <u>Jordan v. U.S. Dept. of Justice</u>, 591 F.2d 753, 772 (D.C. Cir. 1978) (en banc).

In this situation, protecting the deliberative process is of particular concern, as the opinions of a Special Agent and an ATF auditor about the nature and course of an investigation of, not only employee misconduct, but also of an ATF contractor, are highly confidential and their disclosure would necessarily inhibit the candid discussion of their investigational strategies.  <u>Providence Journal Co. United States Dep't of Army</u>, F.2d 552, 560 (1st Cir. 1992), held in part that sections of an Inspector General's report constituted recommendatory provisions, which included findings of fact, and thus fell into Exemption 5.  Similarly, in this case, parts of the Report of Investigation compiled by a Special Agent and an auditor demonstrate the opinions of the authors on the investigation.  The investigatory nature of the Report of Investigation and emails and the considerable need for open communication between an investigator and decision-makers is an essential part of the deliberative process and thus should be protected under Exemption 5.

### ii.  The Redactions Under Exemption 5 were Made to Predecisional Documents.

In addition, plaintiffs argue that because these documents are included in a Report of Investigation they cannot be considered "predecisional" in accordance with Exemption 5.  The Report of Investigation is not a decisional document, as plaintiffs inaccurately assert.  It consists of a report of all of the witness statements and investigational materials that, taken into consideration, will culminate in the final decision by a Deciding Official.  The Special Agent who prepared this particular Report of Investigation was not the decision-maker.  The actual "decision" is the memorandum found on pages 3-5 of the released materials.  On the bottom of page 5 of the released materials, it is clearly stated that the Report of Investigation #20050009 is attached.  Also, the memorandum on the

"Notice of Official Reprimand" on page 3 is marked as being from the "Bureau Deciding Official" and is signed by Kenneth Massey on page 5; whereas, the Report of Investigation is clearly marked as prepared by a Special Agent on page 8. Reports of Investigation are not considered final decisions, but instead only provide the basis upon which decisions are made. Thus, the Report of Investigation is clearly a predecisional document which reports on the progress of the investigation and the predecisional thoughts and opinions of the Special Agent and Auditor during the course of the investigation. Guarding the privacy of predecisional opinions during an investigation is crucial to the operation of an investigation into misconduct to ensure that such opinions and deliberations are made freely and candidly. See generally, Sears, Roebuck & Co., 421 U.S. 132, 149-51 (1975).

Moreover, it is widely recognized that the predecisional character of a document is not altered simply because a final decision was made on the matter. See, e.g., Fed. Open Mkt. Comm. v. Merrill, 443 U.S. 340, 360 (1979); May v. Dep't of the Air Force, 777 F.2d 1012, 1014-15 (5th Cir. 1985); Cuccaro v. Sec'y of Labor, 770 F.2d 355, 357 (3d Cir. 1985). In Judicial Watch of Fla., Inc. v. U.S. Dep't of Justice, this court rejected the notion that Exemption 5 no longer applied simply because the deliberative process had concluded and a decision thereon had been made. 102 F. Supp. 2d 6, 16 (D.D.C. 2000); accord, Elec. Privacy Info. Ctr. v. DHS, 384 F. Supp. 2d 100, 112-13 (D.D.C. 2005). In this case, the fact that the investigation is concluded and a final decision has been made should not affect the predecisional nature of the deliberations made during the investigation which led to the final decision. Simply because such deliberations were recounted in the Report of Investigation should not render them decisional when the

document itself does not constitute a decision.

**B.  ATF Properly Redacted Information Pursuant to FOIA Exemption 6.**

**i. The Documents Met the Threshold Requirements of Exemption 6.**

Plaintiffs' contention that ATF failed to apply the required analysis set forth in

National Ass'n of Home Builders v. Norton, 309 F.3d 26, 32 (D.C. Cir. 2002) is

completely unfounded.  The threshold question of Exemption 6 is whether the

information is contained in a "personnel, medical, or similar file."  Id.  The materials

released would certainly constitute a "similar file."  The opinion in United States

Department of State v. Washington Post Co., 456 U.S. 595, 599-603 (1982) specifically

states that the term "similar files" in Exemption 6 should be interpreted broadly.

In addition, in United States Department of Justice v. Reporter's Committee for

Freedom of the Press, 489 U.S. 749, 771 (1989), the Court held that the identity of the

FOIA requester should not be taken into consideration at all when taking into account the

privacy interests at stake, unless the *sole* interest involved is the requester's own privacy.

In this case, the fact that the overall file pertains to Mrs. Hall does not affect the privacy

concern of the witnesses' statements to a Special Agent within their own agency about

the misconduct of a co-worker.  In Ford v. West, 149 F.3d 1190 (10th Cir.

1998)(unpublished opinion)(copy attached), the court found that a "similar file" under

exemption 6 includes a file that contains information about a particular person, including

an investigatory file.  The court also concluded that the mere fact that it is an

investigatory file related to the person seeking the information does not change the

privacy interests of the people identified within the file who were witnesses.  Id.  Thus,

the fact that the overall file relates to Mrs. Hall should not alter the privacy expectations of the people identified within.

**ii.  The Privacy Interests in the Exemption 6 Redactions Outweigh the Public's Minimal Interest in Disclosure.**

Witnesses who provide information in the course of an investigation fall within Exemption 6, because they have a privacy interest in keeping their identities confidential. In this particular situation, the identities and thoughts of co-workers in an investigation regarding potential misconduct are highly private and their release is likely to subject them to workplace harassment.  See, Ford v. West, 149 F.3d 1190 (10th Cir. 1998)(unpublished opinion); McLeod v. Pena, No. 94-1924 (D.D.C. Feb 9, 1996); Brown v. EPA, 384 F. Supp. 2d 271, 278-80 (D.D.C. 2005)(holding that government employee-witnesses have a privacy interest when they make allegations of government wrongdoing).

Plaintiffs contend that if there is a privacy interest in this case, such interest is de minimus.  The facts here demonstrate that there is not only a privacy interest in protecting employee witnesses against retaliation from a fellow employee, but also, in light of the broad scale of this investigation and audit of a government contract with a large company, there are privacy concerns in the disclosure of the identities of these witnesses to the general public.  The plaintiffs claim that ATF has failed to show the first prong of the Exemption 6 test; however, plaintiffs have ignored their own burden in establishing the second prong of Board of Trade v. Commodity Futures Trading Commission, 627 F.2d 392, 398 (D.C. Cir. 1980)—that the public interest in disclosure outweighs the individuals' privacy interests.  In Reporter's Committee, the Supreme Court made it clear

that if the information does not directly reveal the operations of the government, then it does not serve the purpose of FOIA.  489 U.S. 749, 773 (1989).  Interpreting <u>Reporter's Committee</u>, this Court in <u>Piper v. U.S. Dep't of Justice</u>, 428 F. Supp. 2d 1, 3 (D.D.C. 2006), held that the public interest in knowing how the Department of Justice handles investigations "is served whether or not the names and identifying information of third parties are redacted."  In addition, the Court in <u>Reporter's Committee</u> solidified the longstanding perception that the balancing test between the public and privacy interests should not include the contemplation of the "particular purpose" of the requester.  489 U.S. 749, 771 (1989).  Plaintiffs have not met their burden of demonstrating the public's interest in disclosing the identities of private individuals beyond the fact that the requesters' particular purpose would be served in determining the details of the disciplinary action related to Mrs. Hall.

    **iii.**    **The Redactions Made Pursuant to Exemption 6 Were Necessary to Protect the Privacy of the Individuals.**

ATF redacted both names and "identifying information" pursuant to Exemption 6 of the FOIA.  In this case, the information requested is related to a small group of employees who know each other and as such are easily identifiable to each other from the details of their statements to the Special Agent and auditor.  Therefore, mere redaction of their names was inadequate to appropriately protect their privacy from the requester and others who might be familiar with the situation.  <u>See</u> <u>Alirez v. NLRB</u>, 676 F.2d 423, 428 (10th Cir. 1982)(holding that the deletion of names and identifying information was inadequate to protect co-workers from reprisals because the requester could identify them based on his or her personal knowledge); <u>McLeod v. Pena</u>, No. 94-1924 (D.D.C. Feb 9, 1996) (holding that entire memoranda and witness statements are exempt in a disciplinary

action for privacy).  The redacted information contained information in which the individuals had a substantial privacy interest and which due to the nature of the requesters' involvement with this case, simply redacting the individuals' names would not protect their identities.

### iv.    Minor Inconsistencies in Redactions Do Not Affect the Overall Privacy Interests of the Protected Individuals.

Lastly, plaintiffs argue that ATF improperly applied Exemption 6 because it did so with some minor inconsistencies.  In arguing that the few mistakes in redactions somehow minimize the privacy interests, the plaintiffs have misinterpreted what "public domain" is in the FOIA context.  In order to show "public domain," plaintiffs must prove that "there is a permanent public record of the exact [materials they seek to have released].'" Davis v. Department of Justice, 968 F.2d 1276, 1279 (D.C. Cir 1992). Plaintiffs imply that because ATF inadvertently released an individual's name, it is now public and should be released throughout.  The fact that plaintiffs can deduce the identities of the individuals through other sections of the documents does not show that the actual statements in reference to the individuals are in the public domain.  It is against common sense to believe that an honest agency mistake should be compounded to the detriment of a third party that would otherwise be afforded continued privacy protection. See Fitzgibbon v. CIA, 911 F.2d 755 at 768 (D.C. Cir. 1990) (concluding fact that CIA or FBI may have released information about individual elsewhere does not diminish the individual's "substantial privacy interests"); Ponder v. Reno, No. 98-3097, slip op. at 6 (D.D.C. Jan. 22, 2001) (deciding that the fact that the government "failed to fully redact all agents' names does not constitute a waiver of Exemption 7(C)").  Simply because an

agency released a name at some point in the document does not, as plaintiffs incorrectly

assume, devalue the privacy interests at stake.

### III. Conclusion

For the forgoing reasons, Defendant's motion for summary judgment should be granted.


___/s/_____
JEFFREY A. TAYLOR
D.C. Bar No. 498610
United States Attorney


___/s/_____
RUDOLPH CONTRERAS
D.C. Bar No. 434122
Assistant United States Attorney


___/s/_____
CHARLOTTE A. ABEL
D.C. Bar No. 388582
Assistant United States Attorney
501 3rd St., N.W.
Washington, D.C. 20001
(202) 307-2332