UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Donald and Sheryl Hall,<br><br>    Plaintiffs,<br><br>        v.<br><br>U.S. Department of Justice,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 06CV01540<br>)<br>)<br>)<br>)<br>) |

SUPPLEMENTAL DECLARATION OF AVERILL P. GRAHAM,
CHIEF, DISCLOSURE DIVISION,
BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES

    I, Averill P. Graham, do hereby depose and say:

    1. I am the Chief, Disclosure Division, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Department of Justice (DOJ). In this capacity, I receive all requests made of ATF under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act of 1974 (PA), 5 U.S.C. § 552a. In this capacity, I also review all requests referred to ATF from other agencies that have located ATF-originated documents in their records while processing their FOIA and PA requests. I am responsible for processing all FOIA and PA requests, initiating searches relevant to such requests, supervising the determination of what records should be disclosed, processing all documents referred to ATF and to other agencies, and recording all administrative appeals filed with ATF.

    2. I declare that the statements made in this Declaration are on the basis of knowledge acquired by me in the performance of my official duties.

3. I am familiar with the procedures followed by this office in responding to the FOIA request made by the Plaintiffs.

**Draft Briefs/Draft Affidavits Issue**

4. In Plaintiffs' Opposition to Defendant's Motion for Summary Judgment ("Plaintiffs' Opposition"), plaintiffs quote the Declaration of Marilyn LaBrie ("LaBrie Declaration") dated February 22, 2007. Plaintiffs note that Paragraph 20 of the LaBrie Declaration references "Draft Briefs" and "Draft Affidavits" withheld in full under Exemption (b)(5). (See Plaintiff's Opposition, page 5). Plaintiffs also state that there is no reference to any documents withheld in full in the Disclosure Division's letters, nor does it seem that any documents were withheld in full from the face of the documents. Additionally, plaintiffs state that there is no reference to "Draft Briefs" or "Affidavits" in ATF's Vaughn Index. In actual fact, there were no redactions regarding draft briefs or affidavits and no documents were withheld in full in this case. Plaintiffs are correct in that the "Draft Briefs" and "Draft Affidavits" noted in the Declaration are inapplicable to this case and was merely overlooked in an editing oversight. This minor error changes nothing about the validity of the Declaration or the documents withheld in part, pursuant to Exemption (b)(5). In fact, there were no documents which were relevant to plaintiffs' request that were withheld in full.

**Special Agent Issue**

5. Plaintiffs' Opposition states that "no person involved in the ROI [Report of Investigation] is identified as being a 'Special Agent.'" (See Plaintiff's Opposition, page 6). In fact, on Page 8 of the materials released to plaintiffs ("Materials Released"), it clearly states that the ROI was submitted by a name redacted under Exemption (b)(6),

whose title is plainly marked as a "Special Agent." This indicates that the ROI was specifically prepared by a "Special Agent" and was reviewed by a "Special Agent In Charge." Both of their titles are not redacted and are unmistakably written in print on Page 8 of the Materials Released to plaintiffs.

### Exemption b(5)

6. Plaintiffs additionally argue that Exemption 5 is inapplicable because the Disclosure Division failed to establish what deliberative process is involved. (See Plaintiff's Opposition Page 10). The exemption was claimed for several instances of deliberative process. Pages 19 and 20 of the Released Materials are internal emails which discuss interagency policy and administrative decisions regarding how best to proceed with an internal investigation and audit of Unysis. Unysis was under contract with ATF and an internal audit was launched on ATF's dealings with Unysis as a result of allegations of overcharging. It appears that Mrs. Hall's disciplinary action was related to her misrepresenting herself to the ATF Auditor investigating Unysis and not with the Unysis investigation as a whole. On Pages 27-28 of the Materials Released, the "Summary of Auditor's Findings" was redacted under (b)(5), because it contains the beliefs and thoughts of the auditors. This is part of their deliberative process during an investigation, and its release would adversely impact the integrity of the auditor's involvement in internal investigations. On Pages 70-72, a (b)(5) Exemption is claimed, because the redacted information includes thoughts and comments of the auditor concerning his deliberative process in an ongoing investigation. The information on this page is additionally exempt under (b)(6). The information on Page 77 quotes an email message that explains part of the deliberative process concerning ATF contract

negotiations which reveals ATF's positions and internal deliberations regarding contract offers. The information on Page 78 is exempt under (b)(5) because it quotes an email from an ATF attorney providing legal advice concerning the investigation of Unisys. Finally, pages 110-132 are redacted under (b)(5) because they are emails that reflect the deliberative process regarding the progress of and procedure used in the Unisys investigation.

7. Additionally, the items redacted in part under Exemption 5 were prepared by an ATF Special Agent and partially by an auditor in conjunction with an internal investigation into potential employee misconduct undertaken by ATF's Office of Professional Responsibility and Security Operations, which accordingly, meet Exemption (b)(5)'s threshold requirement of "inter-agency or intra-agency memorandum." Further, this investigation was not focused on Mrs. Hall, but rather related to an ATF contract with Unysis.

8. The records withheld under Exemption 5 express an ATF Special Agent's and an ATF auditor's thoughts, impressions, evidence development, and legal theory related to the internal investigation. Special Agents and auditors should be free of the fear that their thought processes, investigative strategies, and case evaluations will, at a later time, be made available to the public.

## "List of Exhibits" Issue

9. Plaintiffs contend that the Disclosure Division did not produce all withholdings in its responsive documents. (See Plaintiff's Opposition, page 8). Plaintiffs claim that the List of Exhibits on pages 96-98 of the Released Materials, which identifies additional documents, is evidence that ATF's disclosure was incomplete.

10. Plaintiffs' FOIA request specifically asked for documents in the Report of Investigation #2005009 regarding Mrs. Hall and included other financial records and specific emails. The thirty six exhibits in this list pertain to a different case file on a separate investigation. Specifically, they consist of exhibits from a preliminary investigation on Unisys. The List of Exhibits was included in Mrs. Hall's file because the exhibits were included in the Unisys case, but never were included in the investigation into Mrs. Hall. However, the Unisys file was searched as part of the initial review and no responsive records relevant to the FOIA request were found. In fact, any exhibits from the Unisys case which were relevant to the Hall case were included in #2005009. For example, on page 98 of the released materials, Exhibit #35 labeled as "two emails from Hall, dated October 8, 2004," was included in the released materials found on pages 103-108. Plaintiffs' assertions that the Disclosure Division wrongfully withheld documents are misguided. All documents were reviewed and the documents relevant to plaintiffs' request were released.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 4 day of May, 2007.

Averill P. Graham
Chief, Disclosure Division