149 F.3d 1190 (Table), 1998 WL 317561 (C.A.10 (Colo.)), 98 CJ C.A.R. 3235
**Unpublished Disposition**
Briefs and Other Related Documents

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA10 Rule 36.3 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Tenth Circuit.
Jewel FORD, Plaintiff-Appellant,
v.
Togo D. WEST, Jr., Department of the Army, Fitzsimmons Army Medical Center, Defendant-Appellee.
No. 97-1342.
June 12, 1998.

Before PORFILIO, BARRETT, and HENRY, Circuit Judges.

ORDER AND JUDGMENT FN*

FN* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3.

HENRY, J.
*1 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Jewel Ford appeals the district court's grant of summary judgment in favor of defendant, the Secretary of the Department of the Army, on plaintiff's claims brought pursuant to the Freedom of Information Act, 5 U.S.C. § 552 (FOIA). We affirm.

On August 9, 1996, plaintiff, an African-American, discovered a noose hanging over a chair in an employee break room at Fitzsimmons Army Medical Center. Believing the noose to be directed at him because of his race, plaintiff reported the incident, and the Army initiated an investigation. The investigation concluded the noose was not directed at plaintiff, but was a practical joke directed at a coworker based on comments made during a game of dominoes.

On October 21, 1996, plaintiff filed a FOIA request with defendant, seeking release of all documents relating to the investigation. Several days later, defendant received a FOIA request for the same information from one of plaintiff's coworkers. On October 28, 1996, defendant released fifty-two pages of documents, with certain information redacted to protect individual privacy under the exemption contained in § 552(b)(6). Defendant also withheld a document concerning the results of the investigation, written by Captain Michele Hately, based on the attorney-client work product exemption contained in § 552(b)(5). Defendant informed plaintiff that the withheld information had been forwarded to a higher authority for determination whether it should be released.

On November 13, 1996, plaintiff filed this action in the district court seeking unredacted versions of the information provided to him, a copy of the Hately memorandum, and attorney fees. In late December 1996, defendant determined that plaintiff was entitled to the Hately memorandum and

provided him with a copy. Plaintiff was advised of his right to appeal the denial of his request for unredacted copies of the fifty-two pages already provided.

The redacted information consists of (1) the names of the person who hung the noose and the two employees who refused to identify that person; (2) personal information about the person who hung the noose; (3) proposed discipline of the coworkers who refused to identify the perpetrator; (4) plaintiff's medical diagnosis; (5) social security numbers of those interviewed; and (6) perceptions by coworkers about plaintiff's work habits and statements attributed to coworkers by plaintiff. For some reason, on certain pages the names of the coworkers who withheld information about the perpetrator were not redacted.

In February 1997, defendant moved for summary judgment, raising as an additional ground the FOIA exemption contained in § 552(b)(7)(C), for information compiled for law enforcement purposes. In September 1997, the district court granted summary judgment in favor of defendant, finding no need to review the unredacted documents in camera, and concluding the redacted information was properly withheld under both §§ 552(b)(6) and (7)(C). The court granted defendant's motion to strike two paragraphs of plaintiff's supporting affidavit concerning prior racial charges against defendant. This appeal followed.

*2 We review the district court's summary judgment on a FOIA claim de novo, so long as the decision rests on an adequate factual basis. See Audubon Soc'y v. United States Forest Serv., 104 F.3d 1201, 1203 (10th Cir.1997). FOIA is to be broadly construed in favor of disclosure, and the government bears the burden of justifying nondisclosure under a particular FOIA exemption. See id.

Defendant relies on FOIA exemption 6, which prohibits disclosure of information in "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy," 5 U.S.C. § 552(b)(6), and exemption 7(C), which prohibits disclosure of "records or information compiled for law enforcement purposes, but only to the extent that the production of such ... information ... could reasonably be expected to constitute an unwarranted invasion of personal privacy," 5 U.S.C. § 552(7)(C).

Plaintiff argues neither of these exemptions applies because the requested file is not "similar" to personnel or medical files, and because it was not compiled for law enforcement purposes. We disagree. A file is a "similar file" under exemption 6 if it contains personal information that "applies to a particular individual." United States Dep't of State v. Washington Post Co., 456 U.S. 595, 600-02, 102 S.Ct. 1957, 72 L.Ed.2d 358 (1982). Defendant's investigatory file contained information personal to plaintiff, his coworkers, and the person who hung the noose. Further, the file was one compiled for law enforcement purposes, as the investigation centered on determining if illegal racial harassment occurred.

To decide whether either exemption prevents disclosure, we must "balance the public interest in disclosure against the interest Congress intended the [e]xemption to protect." United States Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 776, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989). The privacy interest protected by exemptions 6 and 7 encompasses an individual's interest in avoiding disclosure of personal matters through identifying information. See id. at 762, 766-71 (exemption 7); Department of the Air Force v. Rose, 425 U.S. 352, 380-81, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976) (exemption 6).

The information withheld by defendant falls within this protection: names and social security numbers; a medical diagnosis; coworkers' thoughts, sentiments and emotions; discipline of coworkers; and information that would enable others to identify the perpetrator. See 5 U.S.C. § 552(b)(6) (protecting medical information); Rose, 425 U.S. at 380-81 (holding exemption 6 protects names and other identifying information, as viewed by colleagues familiar with the subject's history, including disciplinary actions); Reporters Comm., 489 U.S. at 763, n. 15 (noting common law protection for "thoughts, sentiments, and emotions"); KTVY-TV v. United States, 919 F.2d 1465, 1469-70 (10th Cir.1990) (holding coworkers interviewed after shooting had legitimate privacy interest in nondisclosure of their identities). Even the information that is personal to plaintiff is protected from disclosure, as the identity of the FOIA requester is irrelevant to the information disclosed, and every

member of the public is entitled to the same information. See <u>Reporters Comm.</u>, 489 U.S. at 771.

**\*3** The Supreme Court has narrowly defined the "public interest" in FOIA cases, as "the extent to which disclosure would serve the core purpose of the FOIA, which is contribut[ing] significantly to the public understanding of the operations or activities of the government." <u>United States Dep't of Defense v. Federal Labor Relations Auth.</u>, 510 U.S. 487, 495, 114 S.Ct. 1006, 127 L.Ed.2d 325 (1994) (quotations and emphasis omitted). Plaintiff argues that the public's interest in knowing how defendant investigates a claim of racial harassment outweighs the privacy interests protected by FOIA exemptions 6 and 7.

We conclude the public interest in disclosing the redacted material is low, as disclosure would not lead to a better understanding of defendant's activities in this case. The redacted pages are sufficient to inform the public about defendant's response to a racial harassment claim, disclosing interviews of coworkers, the discipline of those coworkers who refused to identify the perpetrator, and the evidence upon which defendant relied to conclude the incident was not racially motivated. See, e.g., <u>United States Dep't of State v. Ray</u>, 502 U.S. 164, 178-79, 112 S.Ct. 541, 116 L.Ed.2d 526 (1991) (holding redacted reports of interviews with Haitian returnees sufficiently informed reader about State Department's performance of duties, disclosure of names and other identifying information would not add to this goal; mere suggestion that reports might be inaccurate did not justify disclosure). Given the low public interest in disclosure, the balance tips in favor of protecting the privacy of the subjects of the file, and the redacted information was properly withheld.

Plaintiff argues that defendant's incomplete redaction of certain names and negative opinions of his work ethics somehow waives the protection of the FOIA exemptions. No authority is cited for this proposition, and we have found none. We conclude defendant's inadequate redactions do not operate to waive the personal privacy interests of the individuals discussed in the investigative file. Further, the fact that some of the information has been obtained through other channels, such as through the EEOC investigation, does not change its protected status under FOIA. See <u>Reporters Comm.</u>, 489 U.S. at 770 (holding information was protected although it had once been public, noting "the fact that an event is not wholly 'private' does not mean that an individual has no interest in limiting disclosure or dissemination of the information") (quotations omitted); <u>L & C Marine Transp., Ltd. v. United States</u>, 740 F.2d 919, 922-23 & n. 4 (11th Cir.1984) (noting witnesses did not lose privacy interest under exemption 7(C) just because identities could be discovered through other means).

Plaintiff argues that the district court erred in failing to conduct an in camera review of the unredacted documents. Such review is discretionary, however. See <u>Hale v. United States Dep't of Justice</u>, 99 F.3d 1025, 1029 n. 4 (10th Cir.1996). We find no abuse of discretion in the court's relying on defendant's declaration, which set out the reason for each redaction, to determine the exempt nature of the redacted information. Although such a document is to be disregarded upon a showing of agency bad faith, requiring in camera review, " 'the mere allegation of bad faith' should not 'undermine the sufficiency of agency submissions.' " <u>Minier v. Central Intelligence Agency</u>, 88 F.3d 796, 803 (9th Cir.1996) (quoting <u>Carter v. United States Dep't of Commerce</u>, 830 F.2d 388, 393 (D.C.Cir.1987)). We decline plaintiff's invitation to review the documents in camera on appeal, as the district court's order provided a sufficient basis upon which to predicate our review. See <u>Hale</u>, 99 F.3d at 1029 n. 4.

**\*4** Plaintiff argues the district court improperly struck two paragraphs of his affidavit, arguing that his "prior EEO successes and the way that [plaintiff's] allegations of racism were handled by the Army in the past [were] important to the district court's balancing as to whether or not there was a public interest in disclosure." Appellant's Br. at 31. The balancing of interests does not, however, turn on the purpose for which the FOIA request for information is made. See <u>Reporters Comm.</u>, 489 U.S. at 771-72, 775. Thus, the EEOC history between plaintiff and defendant is irrelevant to the inquiry, and the district court did not abuse its discretion in striking this information from plaintiff's affidavit. We do not address plaintiff's arguments regarding attorneys fees, as he has not substantially prevailed in this litigation.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

C.A.10 (Colo.),1998.

Ford v. West
149 F.3d 1190 (Table), 1998 WL 317561 (C.A.10 (Colo.)), 98 CJ C.A.R. 3235
Unpublished Disposition

Briefs and Other Related Documents (Back to top)

- 97-1342 (Docket) (Sep. 26, 1997)

END OF DOCUMENT

(C) 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.