UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD HALL and SHERYL HALL,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civil Action 06-01540 (HHK) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Donald Hall and Sheryl Hall bring this action against the United States Department of Justice ("DOJ"), alleging that it failed to comply with the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552 *et seq*. Before this court is DOJ's motion for summary judgment [#10]. Upon consideration of the motion, the opposition thereto, and the record of this case, the court concludes that the motion should be denied for the reasons that follow.

**I.  BACKGROUND**

Sheryl Hall ("Hall") was employed with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") as a supervisory computer specialist. In this capacity, she processed invoices for equipment provided by Unisys, a contractor. ATF received allegations that Unisys was overpaid, which caused ATF to conduct an investigation. During this investigation, ATF uncovered allegations of misconduct involving Hall. ATF separately investigated Hall, compiled a Report of Investigation, and reprimanded her.

1

Hall and her husband, Donald Hall (collectively "plaintiffs"), submitted a FOIA request seeking disclosure of the Report of Investigation and related documents. DOJ released the documents in two batches – collectively, 135 pages. Portions of these documents were redacted pursuant to FOIA Exemption 5's deliberative process privilege, as well as Exemptions 2 and 6. Dissatisfied with the document release, plaintiffs filed an administrative appeal. DOJ's document release was affirmed, and plaintiffs filed the present action. DOJ now moves for summary judgment, asserting that it properly responded to the Halls' FOIA request. Along with its motion, DOJ has submitted a *Vaughn* Index and affidavits which describe DOJ's redactions. Plaintiffs oppose this motion and have submitted, under seal, copies of the redacted documents at issue.

## II.  LEGAL STANDARD

Agency decisions to withhold or disclose information under FOIA are reviewed *de novo* by this court, and FOIA places the burden on "the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B). The agency may meet this burden by submitting affidavits that describe the withheld material in reasonable detail and explain why it falls within the claimed FOIA exemptions. *See Summers v. U.S. Dep't of Justice*, 140 F.3d 1077, 1080 (D.C. Cir. 1998). Any affidavits or *Vaughn* indices submitted by the agency must "disclose as much information as possible without thwarting the exemption's purpose." *King v. U.S. Dep't of Justice*, 830 F.2d 210, 224 (D.C. Cir. 1987). Where the pleadings and affidavits show that there is no genuine issue of fact and that the moving party is entitled to judgment as a matter of law, summary judgment is the appropriate mechanism for resolving FOIA disclosure disputes. *See* Fed. R. Civ. P. 56(c); *Alyeska Pipeline Serv. Co. v. EPA*, 856 F.2d 309, 313-14 (D.C. Cir. 1988).

### III.  ANALYSIS

Opposing DOJ's motion for summary judgment, plaintiffs assert (1) that DOJ's *Vaughn* Index and affidavits are not sufficiently detailed and (2) that DOJ did not properly apply Exemptions 5 and 6.[1]  The court shall address each argument in turn.

**A.      Sufficiency of *Vaughn* Index and Agency Affidavits**

Contending that DOJ's affidavits and *Vaughn* Index are insufficient, plaintiffs assert that DOJ neither describes the redacted documents with requisite specificity nor correlates its redactions with particular claims of exemption.  Plaintiffs are correct.

When an agency redacts documents pursuant to FOIA, it must submit a "sufficiently detailed" description of each redacted document and an explanation of the reasons for the redactions.  *Vaughn v. Rosen*, 484 F.2d 820, 827 (D.C. Cir. 1973).  To meet this burden, an agency may submit a *Vaughn* Index.  *Id.* (creating a "system of itemizing and indexing").  Instead of a *Vaughn* Index, an agency may submit affidavits supporting the invoked exemptions.  *See Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 30 (D.C. Cir. 1998).  The *Vaughn* Index and/or affidavits must be specific enough to permit a reviewing court to engage in a meaningful review of the agency's decision.  *See Oglesby v. U.S. Dep't of Army*, 79 F.3d 1172, 1176 (D.C. Cir. 1996).

DOJ's *Vaughn* Index and affidavits are lengthy – the *Vaughn* Index alone is eighteen pages.  Yet, for all its prolixity, DOJ does not sufficiently describe the contents of pages 110-132, which are e-mails that are redacted almost in their entirety.  Instead, DOJ uses broad categorical descriptions to describe these e-mails.  For example, DOJ broadly states that these e-mails

---

[1]  Plaintiffs do not challenge DOJ's application of Exemption 2.

3

discuss "internal information related to infrastructure," or are "inter-agency document[s]." *Vaughn* Ind. 14. Such descriptions are not sufficiently detailed.[2]

Furthermore, DOJ does not sufficiently correlate its redactions with particular claims of exemption. FOIA requires that DOJ correlate the claimed exemptions to the document portions to which they apply. *See Morley v. CIA*, 508 F.3d 1108, 1122-23 (D.C. Cir. 2007). That is, "a court must be able to know the nature of the contents of a specific redaction and associate that redaction with a specific exemption." *Judicial Watch, Inc. v. FBI*, 2006 WL 3334996, *6 (D.D.C. Nov. 16, 2006). DOJ fails to correlate exemptions with the document portions to which they apply. For example, the e-mails located at pages 19-20 and 110-132 are heavily redacted pursuant to Exemptions 5 and 6, but DOJ does not indicate which exemptions apply to which redactions.

**B.      Exemption 5**

Plaintiffs next contend that DOJ fails to properly apply Exemption 5's deliberative process privilege. Plaintiffs assert that DOJ neither adequately describes the deliberative process pursuant to which the documents are redacted nor the harm that would result from the release of the redacted documents. Plaintiffs' arguments are well-taken.

Exemption 5 permits an agency to withhold "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). "As such, [Exemption 5] is interpreted to encompass, *inter*

---

[2] While the "released portion[s] of each document . . . [may] supplement[] the corresponding *Vaughn* index entries," *Judicial Watch, Inc. v. FDA*, 449 F.3d 141, 145 (D.C. Cir. 2006), pages 110-132 are redacted almost in their entirety. Thus, the released portions of these pages do not "illuminate the nature of the redacted material." *Id.*

4

*alia*, three evidentiary privileges: the deliberative process privilege, the attorney-client privilege, and the attorney work product privilege." *Tax Analysts v. IRS*, 294 F.3d 71, 76 (D.C. Cir. 2002). DOJ invokes the deliberative process privilege under Exemption 5, which "protects confidential intra-agency advisory opinions and materials reflecting deliberative or policy-making processes." *Judicial Watch, Inc. v. U.S. Dep't of Justice*, 365 F.3d 1108, 1113 (D.C. Cir. 2004) (internal quotations omitted).

The deliberative process privilege only protects documents that are "predecisional[3] and deliberative." *Judicial Watch, Inc. v. FDA*, 449 F.3d 141, 151 (D.C. Cir. 2006). To assert the deliberative process privilege, the agency must establish the "deliberative process involved, and the role played by the documents in issue in the course of that process." *Coastal States Gas Corp. v. U.S. Dep't of Energy*, 617 F.2d 854, 868 (D.C. Cir. 1980); *see also Judicial Watch, Inc. v. U.S. Postal Service*, 297 F. Supp. 2d 252, 259 (D.D.C. 2004) (agency must "pinpoint an agency decision or policy to which the document contributed or identify a decisionmaking process to which a document contributed"). Accordingly, the agency must describe the documents with enough specificity so that the elements of the privilege can be identified. *See Senate of Puerto Rico ex rel. Judiciary Comm. v. U.S. Dep't of Justice*, 823 F.2d 574, 585 (D.C. Cir. 1987); *Coastal States*, 617 F.2d at 866. Conclusory assertions of the privilege that merely parrot legal language or contain no factual support are insufficient. *See Senate of Puerto Rico*, 823 F.2d at 585.

---

[3] Plaintiffs assert that the Report of Investigation is a final decision. They contend that, as a result, none of the documents redacted pursuant to Exemption 5 are predecisional because they are part of the Report of Investigation. This argument is without merit. The Report of Investigation is not a final decision. It contains only the information gathered during the investigation into Hall's alleged misconduct. The Report of Investigation was then taken into consideration when ATF made a final decision as to whether to reprimand Hall.

DOJ redacts pages 19-20, 27-28, 70-72, 77-78, and 110-132 of the released documents pursuant to the deliberative process privilege. With respect to pages 19-20 and 78, DOJ adequately describes the deliberative process involved and the role played by the redacted portions in the deliberative process. However, with respect to the remaining documents, DOJ fails to meet its burden.

DOJ asserts that releasing the redacted portions of pages 27-28 and 70-72 would reveal the "beliefs and thoughts of [ATF] auditors" as "part of their deliberative process during an investigation." Graham Decl. ¶ 6. This assertion is conclusory and *ipsit dixit*. It is not enough to state that documents relate to a deliberative process, DOJ must identify the specific deliberative process at issue. Similarly, DOJ asserts that the information on page 77 is from an e-mail regarding contract negotiations and offers. To satisfy its burden DOJ must identify the specific negotiations and contracts involved and the role the e-mail played in the negotiations and offers. Lastly, DOJ contends pages 110-132 are redacted because they are "emails that reflect the deliberative process regarding the progress of and procedure used in the Unisys investigation." *Id.* This description is too vague. DOJ must identify the content of each e-mail with more specificity as well as the role the e-mails played in the Unisys investigation.

Not only must an agency specify the deliberative process pursuant to which documents are redacted, the agency must demonstrate that harm will result if the redacted documents are released. *Formaldehyde Inst. v. U.S. Dep't of Health and Human Services*, 889 F.2d 1118, 1124 (D.C. Cir. 1989) (an agency must demonstrate how disclosure would work to "the *detriment of the decisionmaking process*"). To do so, the agency must "show, by specific and detailed proof that disclosure would defeat, rather than further, the purposes of FOIA." *Mead Data Central Inc. v. U.S. Dep't of Air Force,* 566 F.2d 242, 258 (D.C. Cir. 1977).

DOJ does not adequately demonstrate that disclosure would harm the decisionmaking process. DOJ argues that the redacted documents were compiled by two ATF employees, a special agent and an auditor, and that such individuals should be "free of the fear that their thought processes, investigative strategies, and case evaluations will, at a later time, be made available to the public." Graham Decl. ¶ 8. These descriptions are too broad and do not constitute specific proof of the harm that would result from the disclosure of the documents.

**C.    Exemption 6**

DOJ also asserts that it has properly redacted documents pursuant to Exemption 6, which protects personal privacy interests. Plaintiffs contend that DOJ applies Exemption 6 too broadly and inconsistently. Plaintiffs further argue that their interest in obtaining the non-redacted documents outweighs the privacy interests of the individuals mentioned in the redacted documents.

Exemption 6 allows agencies to withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The court must first determine whether the redacted documents are contained in a "personnel, medical, or similar file." *Id.* The Supreme Court has instructed that the phrase "similar file" should be interpreted broadly. *See*, *e.g.*, *U.S. Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 602 (1982). The D.C. Circuit has held that the phrase "similar file" refers to all information that applies to a particular individual. *Lepelletier v. FDIC*, 164 F.3d 37, 46 (D.C. Cir. 1999); *see also Wash. Post,* 456 U.S. at 602 (stating that "[t]he exemption [was] intended to cover detailed government records on an individual which can be identified as applying to that individual") (internal quotation omitted). The redacted documents contain

information about individuals involved in ATF's investigations of Hall and Unisys. Thus, the court has little difficulty concluding that the redacted documents are contained in a "similar file."

Having determined that the redacted documents are contained in a "similar file," the court must next "determine whether the information is of such a nature that its disclosure would constitute a clearly unwarranted privacy invasion." *Nat'l Ass'n of Home Builders v. Norton*, 309 F.3d 26, 33 (D.C. Cir. 2002). In so determining, the court must "balance the individual's right of privacy against the [public interest] of opening agency action to the light of public scrutiny." *Id.* (internal quotations omitted). That is, citizens have a "right to know 'what their government is up to.'" *Horowitz v. Peace Corps,* 428 F.3d 271, 278 (D.C. Cir. 2005) (*quoting U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 771 (1989)).

Pursuant to Exemption 6, individuals have a privacy interest in avoiding disclosure of identifying information if disclosure would subject them to harassment. *Lesar v. U.S. Dep't of Justice*, 636 F.2d 472, 487 (D.C. Cir. 1980); *Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 384 F. Supp. 2d 100, 116 (D.D.C. 2005). DOJ asserts that, pursuant to this privacy interest, it has redacted the names of third party witnesses as well as information that could be used to identify these witnesses. DOJ contends that these witnesses will be subject to workplace harassment if their identities are released.

Plaintiffs contend that far more than identifying information is redacted. They argue that "entire sentences, paragraphs, and sometimes even entire pages" are redacted, and that these redactions include "substantive, factual information." Pls.' Opp'n 18. DOJ acknowledges the breadth of the redactions but contends that they are necessary because the redacted information relates "to a small group of employees who know each other and as such are easily identifiable to each other" from the withheld information. Def.'s Reply 7.

DOJ does not show that the redactions are proper. DOJ must demonstrate that "the threat to employees' privacy is real." *Elec. Privacy Info. Ctr.*, 384 F. Supp. 2d at 116. DOJ does not so demonstrate. DOJ merely asserts, in vague and conclusory fashion, that the redacted information relates to a small group of employees and that release of the redacted information will lead to identification and harassment. DOJ neither supports nor justifies this assertion in its accompanying affidavits.

Plaintiffs next assert that Exemption 6 is inapplicable because DOJ applies the exemption inconsistently. They point out that names are redacted from some documents but not others. For example, plaintiffs point out that page 78 states that exhibit 27 contains "an e-mail from Baran dated August 26, 2004." However, page 97 refers to this same e-mail, but redacts Baran's name. The court agrees that, to the extent that the non-redacted portions specifically identify the names of individuals in specific redacted portions of the documents, DOJ cannot redact these names. The FOIA exemptions do not apply once the information is in the public domain. *See Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1280 (D.C. Cir. 1992).

However, these inconsistencies do not, as plaintiffs contend, merit disclosure of all the information redacted pursuant to Exemption 6. Only the specific information that has already been released, such as the names of some individuals, must be released. The redacted portions of the documents contain much more than these individuals' names, such as the contents of their e-mails. Simply because some information contained in the redacted portions has been disclosed does not eliminate the privacy interest in avoiding further disclosure. *See Edmonds v. F.B.I.*, 272 F. Supp. 2d 35, 53 (D.D.C. 2003).

Plaintiffs lastly assert that these inconsistent redactions demonstrate that the individuals have a "*de minimis*" privacy interest in having their information withheld. Plaintiffs contend

that, in contrast, they have a compelling interest in obtaining the redacted information because Hall is the subject of the Report of Investigation.

Plaintiffs' argument is meritless. Plaintiffs must demonstrate how disclosure of the documents will advance the public interest. *See Carter v. U.S. Dep't of Commerce*, 830 F.2d 388, 391-92 nn. 8 & 13 (D.C. Cir. 1987). It is well established that disclosure must benefit the public interest, not just the requesting party's private interest. *See Reporters Comm. for Freedom of Press*, 489 U.S. at 771 ("the identity of the requesting party has no bearing on the merits of his or her FOIA request"). Plaintiffs do not demonstrate how release of the redacted information will benefit anyone but themselves. Accordingly, there is no public interest to balance against the witnesses' privacy interests.

**D.    Segregability**

The district court has an affirmative duty to consider, *sua sponte*, whether an agency has released all reasonably segregable information. *Morley,* 508 F.3d at 1123. FOIA requires that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt," 5 U.S.C. § 552(b), unless the non-exempt portions are inextricably intertwined with exempt portions. *See Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1116 (D.C. Cir. 2007).

Large swaths of the documents at issue are redacted. Because DOJ fails to describe the redacted portions with requisite specificity, and because DOJ does not adequately explain its use of FOIA exemptions, the court cannot reach the issue of whether reasonably segregable information has been disclosed.

## IV.  CONCLUSION

For the foregoing reasons, it is this 14th day of May 2008, hereby

**ORDERED** that DOJ's motion for summary judgment [#10] is **DENIED;** and it is further

**ORDERED** that by no later than June 5, 2008, the parties shall submit a joint proposed case management plan and briefing schedule to govern the future proceedings in this case; and it is further

**ORDERED** that if the parties are unable to agree on a proposed case management plan and briefing schedule each party shall submit its own proposed plan and schedule by June 5, 2008.


                                                    Henry H. Kennedy, Jr.
                                                    United States District Judge