UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DONALD HALL** | ) |
| and | ) |
| **SHERYL HALL** | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 06-1540 (HHK) |
| **UNITED STATES DEPARTMENT OF JUSTICE,** | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION FOR RECONSIDERATION**

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, Defendant, the Department of Justice ("DOJ"), moves for reconsideration of this Court's May 14, 2008 Memorandum Opinion and Order barring defendant from redacting the names of individuals whose personal identity had been disclosed in other, non-redacted documents released to Plaintiffs. In support of this motion, the Court is respectfully referred to the accompanying Memorandum of Points and Authorities. A proposed Order consistent with the relief requested in this motion is also attached hereto.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

1

      /s/
--------------------------------------
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


      /s/
--------------------------------------
CHARLOTTE A. ABEL, D.C. Bar # 388582
Assistant United States Attorney
United States Attorney's Office, Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD HALL )<br>)<br>and )<br>)<br>SHERYL HALL )<br>     Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED STATES  DEPARTMENT )<br>OF JUSTICE, )<br>)<br>     Defendant. )<br>_____) | Civil Action No. 06-1540 (HHK) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION FOR RECONSIDERATION**

**I.  INTRODUCTION**

Defendant seeks relief from the Court's Memorandum Opinion and Order [Dk. # 18] denying defendant's motion for summary judgment with regard to names that are redacted from some documents but not others.  Mem. Op. at 9.  The Court held:

> the court agrees [with plaintiffs] that, to the extent that the non-redacted portions specifically identify the names of individuals in specific redacted portions of the documents, DOJ cannot redact these names.  The FOIA exemptions do not apply once the information is in the public domain. *See Davis v. U.S. Dep't of Justice*, 968 F. 2d 1276, 1280 (D.C. Cir. 1992).

Plaintiffs Donald and Sheryl Hall pointed out that the defendant redacted individuals' names in some records, but did not redacted the same names in other records.  Opp'n at 19-20. Although the plaintiffs complain that this led to "an absurd result", in fact, this processing by defendant advantaged the plaintiffs because it resulted in the release of information that

3

defendant arguably was entitled to withhold.  Plaintiffs argued that this inadvertent disclosure by defendant showed the "*de minimis* nature" of the privacy rights of the individuals the defendant sought to protect (which does not follow logically and which defendant disputes), as compared to plaintiffs' compelling interest in the unredacted documents.  Notably, however, plaintiffs did not argue that the inadvertent disclosure was, in and of itself, a basis for release of additional records.  That is, they did not urge the Court to find that the inadvertent disclosure of individuals' names placed them in the public domain.  Nor did they argue that defendant had waived the privacy interests of the third parties due to inadvertent disclosure.  Such an argument would have been futile since the government cannot waive, as a matter of law, an individual's privacy interest through disclosure.  See Sherman v. U.S. Dep't of the Army, 244 F. 3d 357, 363-64 (5th Cir. 2001)(protecting social security numbers of soldiers even though Army publicly disclosed SSNs in some circumstances, because individuals rather than government hold privacy interest in that information); see also U.S. Dep't of Justice v. Reporters Committee, 489 U.S. 749, 763-65 (1989)(emphasizing that privacy interest belongs to individual, not agency holding information pertaining to individual).

## II.  STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 54(b), this Court may alter or amend its May 14, 2008 Memorandum Opinion and Order "'as justice requires.'"  Powell v. Castaneda, 247 F.R.D. 179, 181 (D.D.C. 2007) ("Reconsideration of an interlocutory decision is available under the standard, 'as justice requires.'" (quoting Childers v. Slater, 197 F.R.D. 185, 190 (D.D.C. 2000)).  This Court has interpreted the standard "as justice requires" as follows:

> "As justice requires" indicates concrete considerations of whether the court has patently misunderstood a party, has made a decision outside the adversarial issues presented to the [c]ourt by the parties, has made an error not of reasoning, but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the court.  These considerations leave a great deal of room for the court's discretion and, accordingly, the "as justice requires" standard amounts to determining whether reconsideration is necessary under the relevant circumstances.

Id. (internal quotation marks and citations omitted) (first and second alterations in original) (emphasis added).

### III.  ARGUMENT

**A. Reconsideration is Appropriate because the Privacy Interests of Third Party Informants/Witnesses Outweigh the Public Interest in Disclosure**

Plaintiffs made an unsupported assertion that they have a "compelling interest" in the unredacted records since it was Ms. Hall who was the subject of the investigation.  Opp'n at 20.  The Court should disregard Plaintiffs' argument that their personal interest in the documents is compelling and thus outweighs the privacy interests of third parties because similar arguments have long been rejected by the courts.  It is well-settled that a FOIA requestor's personal interests in the disclosure, whether compelling or not, are irrelevant in FOIA cases, except when the requestor is asserting privilege.  U.S. Dep't of Justice v. Reporters Committee, 489 U.S. 749, 763 (1989).  Thus, the Court may not consider those interests.  Instead, the Court should look to the public interest, if any, in the disclosure.  If there is no public interest in the disclosure, then even a "*de minimus*" privacy interest must be protected for "even a modest privacy interest outweighs nothing every time."  Nat'l Ass'n of Retired Fed. Employees v. Horner, 879 F.2d 873, 879 (D.C. Cir. 1989).

In <u>Perlman v. U.S. Dep't of Justice</u>,[1] a case in which the facts bear a striking resemblance to the case at bar, the plaintiff requested a copy of a report of investigation compiled by the Department of Justice's inspector general. The inspector general had investigated alleged improper conduct by Immigration and Naturalization Service officials responsible for a visa program. The FOIA requestor-plaintiff contested the non-disclosure of the identities of witnesses and third parties contained within the report of investigation. The court upheld the redaction of the names of witnesses and third parties finding that the witnesses and third parties:

> possess strong privacy interests, because being identified as part of a law enforcement investigation could subject them to "embarrassment and harassment," especially if "the material in question demonstrates or suggests they had at one time been subject to criminal investigation." <u>Halpern</u>, 181 F. 3d at 297. The public's interest in learning the identity of witnesses and other third parties is minimal because that information tells little or nothing about either the administration of the INS program or the Inspector General's conduct of its investigation. <u>See id.</u> The strong public interest in encouraging witnesses to participate in future government investigations offsets the weak public interest in learning witness and third party identities.

<u>Perlman</u>, at 106. <u>See</u> <u>Citizens for Responsibility & Ethics in Wash. v. Nat'l Indian Gaming Comm'n</u>, No. 05-0806, 2006 U.S. Dist. LEXIS 89614, at *29 (D.D.C. Dec. 12, 2006)("The fact that an individual supplied information to assist [National Indian Gaming Commission] in its investigations is exempt from disclosure under FOIA, regardless of the nature of the information supplied.")(Exemptions 6 and 7(C)); <u>See also</u> <u>Brown v. EPA</u>, 384 F.Supp. 2d 271, 278-80 (D.D.C. 2005)(protecting government employee-witnesses and informants because "[t]here are important principles at stake in the general rule that employees may come forward to law

---

[1] 312 F. 3d 100, 106 (2nd Cir. 2002), <u>vacated and remanded</u>, 541 U.S. 970, <u>on remand</u>, 380 F. 3d 110 (2nd Cir. 2004)(per curiam).

enforcement officials with allegations of government wrongdoing and not fear that their identities will be exposed through FOIA")(Exemption 7(C)).

The analysis used in Perlman should be applied to the case at bar. The Halls requested information related to an internal ATF investigation, including e-mails, reports of investigation, documents and exhibits. The ATF released some information to the Halls but redacted the names of third parties pursuant to Exemption 6. The redactions, including the names of witnesses and informants, were made to protect the personal privacy of these individuals for the same reasons as in Perlman. The plaintiffs did not even assert the existence of a public interest, let alone identify the public's interest in the release of the information. Opp'n at 19-20. Instead they urged the Court to adopt a balancing test that took into account Ms. Hall's personal interest in the identities of the informants. The defendant has shown that this analysis is misguided since only the public's interest in the information is relevant, not Ms. Hall's personal interest. If the proper balancing test is applied, that is, if the interests of the witnesses/informants are weighed against the non-existent or *de minimus* interests of the public, the interests of the witnesses/informants outweigh those of the public and the privacy interests of the witnesses/informants should be protected.

### B. Reconsideration Is Appropriate Because Plaintiffs Failed To Sustain Their Burden of Showing that the Individuals' Names Are Contained in Records that are Part of the Public Domain

Plaintiffs have never met their burden of demonstrating that the records released to them containing redacted names are identical to those on the public record with the names unredacted and therefore fall outside the claimed Freedom of Information Act ("FOIA") exemption.

It is true that the "government cannot rely on an otherwise valid exemption claim to justify withholding information that has been 'officially acknowledged' or is in the public domain.'" Davis v. U.S. Dep't of Justice, 968 F.2d 1276, 1279 (D.C. Cir. 1992) (citing Afshar v. Dep't of State, 702 F.2d 1125, 1130-34 (D.C. Cir. 1983)). But the party asserting a claim of prior disclosure has "the initial burden of pointing to specific information in the public domain that appears to duplicate that being withheld." Wolf v. CIA, 473 F.3d 370, 378 (D.C. Cir. 2007) (quoting Afshar, 702 F.2d at 1130); see also, U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 762-71 (1989); Davis, 968 F.2d at 1279. The information sought must" already be in the public domain by official disclosure." Wolf, 473 F.3d at 378 (citing Public Citizen v. Dep't of State, 11 F.3d 198, 201, 203 (D.C. Cir. 1993)). In order to establish that the material has entered and remains in the public domain, the party must show "that there is a permanent public record of the exact portions he wishes." Davis, 968 F.2d at 1280; see also Cottone v. Reno, 193 F.3d 550, 554 (D.C. Cir. 1999) ("Under our public domain doctrine, materials normally immunized from disclosure under FOIA lose their protective cloak once disclosed and preserved in a permanent public record.").

As noted above, Plaintiffs did not argue, and they made no showing, that the disclosed names are part of a permanent public record, freely available. See Docket #11 at 19-20. It is true that the identities of certain individuals involved with investigation of Plaintiff Sheryl Hall were inadvertently released. Plaintiffs point to a handful of examples. Id. Nevertheless, they provide no evidence that the identical non-redacted documents they received have entered the public domain, let alone constitute a permanent public record. Nor can Plaintiffs produce such evidence. The Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") only disclosed

the names to Plaintiffs in response to their FOIA request.  This information is not "truly public," Cottone, 193 F.3d at 554 (citing Niagra Mohawk Power Corp. v. U.S. Dep't of Energy, 169 F.3d 16, 19 (D.C. Cir. 1999)), in contrast to materials that come to light during trial, see, e.g. Kidder v. FBI, 517 F. Supp. 2d, 17, 31 (D.D.C. 2007), or available from a reporting service, see Gilda Industries, Inc. v. U.S. Customs & Border Protection Bureau, 457 F. Supp. 2d 6, 12 (D.D.C. 2006).

As the D.C. Circuit held in Students Against Genocide v. Dep't of State, photographs then-U.S. Ambassador Madeleine Albright showed to the United Nations Security Council regarding Serbian atrocities fell outside of the public domain doctrine.  See 257 F.3d 828, 836 (D.C. Cir. 2001).  The pictures "were not released to the general public," and no "no permanent public record" of the photographs remained extant.  Id.  Similarly, in the instant case, the personal identifying information at issue was not disseminated to the public at large.  It was instead mistakenly sent to Plaintiffs and no one else.  No permanent public record of the names exists.  Just because Plaintiffs can infer the identities of certain individuals by comparing non-redacted sections of the documents does not demonstrate that this information is part of the public domain, thereby nullifying applicable FOIA exemptions.  Accordingly, this Court should reconsider its May 14, 2008 decision and permit DOJ to continue to withhold, pursuant to Exemption 6, the names inadvertently revealed in other, non-redacted portions of the FOIA release.

## IV.  CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant its Motion for Reconsideration.

      /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


      /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


      /s/
CHARLOTTE A. ABEL, D.C. Bar # 388582
Assistant United States Attorney
United States Attorney's Office, Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530