UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD HALL, ) | |
| ) | |
| and ) | |
| ) | |
| SHERYL HALL ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 06-01540 (HHK) |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| JUSTICE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**STATEMENT OF MATERIAL FACTS AS TO WHICH
THERE IS NO GENUINE ISSUE**

Pursuant to Local Rule 7(h), the defendant hereby submits the following material facts as to which there is no genuine dispute:

1. On January 9, 2006, ATF's Disclosure Division received by mail a FOIA request dated December 28, 2005, from Mr. Donald Hall. See Declaration of Marilyn R. LaBrie ("LaBrie Decl.") ¶ 4 and Exhibit A attached hereto. By said letter plaintiff requested various documents related to an internal ATF investigation. Id. Specifically, plaintiff requested items including e-mails, reports of investigation, documents and exhibits related to the aforementioned internal investigation. Id.

2. By letter dated January 18, 2006, ATF's Disclosure Division informed plaintiff that it was unclear as to which FOIA fee category his request would apply. LaBrie Decl. ¶ 5. Plaintiff was advised that the Disclosure Division would begin processing his FOIA request

when this issue was clarified.[1]  Id. and Exhibit B attached hereto.

3. On February 10, 2006, ATF's Disclosure Division received a letter by fax dated February 10, 2006, from Paul J. Orfanedes of Judicial Watch, Inc. requesting the status of Mr. Hall's December 28, 2005, FOIA request.[2]  LaBrie Decl. ¶ 6. Mr. Orfanedes indicated that he was representing Mr. Hall in regards to his FOIA request.  Id. and Exhibit C attached hereto.

4. By letter dated February 13, 2006, the Disclosure Division acknowledged receipt of Mr. Orfanedes February 10, 2006, letter in which he identified himself as a representative for Mr. Hall.  LaBrie Decl. ¶ 7.  The Disclosure Division informed Mr. Orfanedes that prior to releasing any information about the plaintiff the Disclosure Division must receive a notarized authorization executed by his client.  Id. and Exhibit D attached hereto.

5. On February 22, 2006, ATF's Disclosure Division received from Mr. Orfanedes by mail the requested authorization related to Mr. Donald Hall. LaBrie Decl. Decl. ¶ 8. Additionally, Mr. Orfanedes provided an authorization from Ms. Sheryl L. Hall.  Id. and Exhibit E attached hereto.

6. By letter dated February 22, 2006, ATF's Disclosure Division acknowledged receipt of the authorizations provided by Mr. Orfanedes.   LaBrie Decl. ¶ 9. and Exhibit F attached hereto.

---

[1] On January 20, 2006, the Disclosure Division Staff received a call from someone identifying herself as Ms. Sheryl Hall, an ATF employee, and representative of Donald Hall. The Disclosure Division Staff informed Ms. Hall that it could not discuss another individual's request without direct authorization. On January 21, 2006, Mr. Donald Hall called the Disclosure Division in response to the January 18, 2006, letter and indicated that he did not wish for his wife to have authority to discuss the FOIA request with the Disclosure Division. Additionally, Mr. Hall verbally chose a fee category and was subsequently informed that ATF would need this decision in writing. ATF never received Mr. Hall's fee category determination in writing.

[2] This same letter was also received by the Disclosure Division on February 17, 2006, by mail.

7. By letter dated February 23, 2006, ATF's Disclosure Division advised Mr. Orfanedes that on January 18, 2006, a request was made upon the plaintiff to define a requestor's category. LaBrie Decl. ¶ 10. As previously indicated plaintiff did verbally inform the Disclosure Division as to his fee category but the required written response was never received. Id. Finally, the Disclosure Division informed Mr. Orfanedes that until a written response is received no action would be taken. Id. and Exhibit G attached hereto.

8. On March 6, 2006, the Disclosure Division received a response by letter from Mr. Orfanedes dated February 28, 2006. LaBrie Decl. ¶ 11. Mr. Orfanedes stated that his client verbally responded to the Disclosure Specialist to continue this request under Category E. Id. Furthermore, Mr. Orfanedes offered said letter to serve as confirmation of plaintiff's choice of a fee category. Id. and Exhibit H attached hereto.

9. By letter dated April 3, 2006, ATF's Disclosure Division acknowledged receipt of Mr. Orfanedes' February 28, 2006 correspondence which perfected plaintiff's original request. LaBrie Decl. ¶ 12. ATF informed Mr. Orfanedes that the perfected request was received on March 6, 2006. Id. Additionally, Mr. Orfanedes was advised that the response might not be forthcoming until May 1, 2006. Id. and Exhibit I attached hereto.

10. By cover-letter dated April 11, 2006, the Disclosure Division responded in-part to plaintiff's FOIA request and released 98 pages. LaBrie Decl. ¶ 13. Mr. Orfanedes was informed that this was not a final response and additional documents could be expected. Id. By the same letter Mr. Orfanedes was advised that information had been withheld pursuant to FOIA Exemptions (b)(2), (b)(5) and/or (b)(6). Id. Finally, the Disclosure Division provided that administrative appeal rights would be provided in the final response. Id. and Exhibit J attached hereto.

11. By cover-letter dated April 20, 2006, ATF's Disclosure Division forwarded an additional 37 pages to Mr. Orfanedes. LaBrie Decl. ¶ 13. The Disclosure Division again utilized FOIA Exemptions (b)(2), (b)(5) and/or (b) (6) in the response. Id. Mr. Orfanedes was advised that additional documents potentially existed on computer back-up tapes; however, the retrieval of such information could cost $2,000.00. Id. Due to the delay in the initial response the Disclosure Division waived two days of fess reducing this figure to $1,200.00. Id. The Disclosure Division informed Mr. Orfanedes that upon receipt of the requested funds the additional search would be effectuated, however, it did not guarantee that additional documents existed. Id. Finally, Mr. Orfanedes was provided with administrative appeal rights. Id. and Exhibit K attached hereto.

12. On May 15, 2006, the Office of Information and Privacy (OIP) received a FOIA Appeal dated May 9, 2006, from Mr. Orfanedes. LaBrie Decl. ¶ 14. and Exhibit L attached hereto.

13. By letter dated May 23, 2006, OIP advised Mr. Orfanedes that his Administrative Appeal was received on May 15, 2006. LaBrie Decl. ¶ 15. and Exhibit M attached hereto.

14. On September 27, 2006, OIP sent Mr. Orfanedes a letter informing him that his FOIA appeal was denied and ATF's decision affirmed. LaBrie Decl. ¶ 16. and Exhibit N attached hereto.

    Respectfully submitted,

    /s/
    JEFFREY A. TAYLOR, D.C. Bar # 498610
    United States Attorney

       /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

       /s/
CHARLOTTE A. ABEL, D.C. Bar # 388582
Assistant United States Attorney