

5/15/06   06-2014   FOIA (A) ATF

<u>SENT VIA CERTIFIED MAIL 7005 1160 0001 5011 3720</u>

May 9, 2006

Office of Information and Privacy
U.S. Department of Justice
1425 New York Avenue, N.W.
Suite 11050
Washington, D.C. 20530-0001

OFFICE OF INFORMATION
AND PRIVACY

MAY 15 2006

RECEIVED

RE:  06-665 100060 - Administrative Appeal

Dear Sir or Madam:

On December 28, 2005, Donald Hall filed a Freedom of Information Act ("FOIA") request with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") requesting information regarding ATF investigation RIO# 2005009. The request set out eight (8) specific documents or categories of documents related to that investigation. (*See* Exhibit 1, attached.) Judicial Watch subsequently provided authorizations from both Donald Hall and Sheryl Hall.

On April 11, 2006, ATF released 98 pages of responsive documents and in a cover letter dated the same, Johnny Rosner stated that the response was not yet final. However, for those documents released, ATF asserted FOIA exemptions (b)(2), (b)(5) and/or (b)(6). The accompanying cover sheet confirmed these exemptions. (*See* Exhibit 2, attached.)

On April 20, 2006, ATF released an additional 37 pages of responsive documents, bringing the total number of released pages to 135. In the cover letter, Mr. Rosner stated that the response should be considered final. The ATF located and produced responsive documents to three of the requested documents or categories of documents in the Hall FOIA request: items 1, 2, and 6. Additionally, the ATF stated that it had no responsive documents in relation to one category in the Hall FOIA request: item 4. (*See* Exhibit 3, attached.)

As stated in the interim response, the documents released by ATF were redacted pursuant to FOIA exemptions (b)(2), (b)(5) and/or (b)(6). The accompanying cover sheet once again confirmed these exemptions, but did not give any further information or explanation. (See Exhibit 3.)

This letter appeals the determination of Mr. Rosner.

**EXHIBIT L**

Hall FOIA Appeal
Page 2

Each of the FOIA exemptions used by ATF to redact information has been used incorrectly. Additionally, there is no indication that ATF has done a segregability analysis and there are pages which contain no exemption number.

First, ATF does not indicate in its redactions whether it is invoking (b)(2) low or (b)(2) high. This difference is not inconsequential. Since disciplinary actions against employees, standards of employee conduct and grievance procedures are not protected by (b)(2) low, it could be assumed that ATF is invoking (b)(2) high. However, this would require ATF to demonstrate that the disclosure of the records "must significantly risk circumvention of a legal requirement," and ATF has not made such a demonstration.

Second, ATF does not indicate which (b)(5) privilege is it invoking. FOIA exemption (b)(5) provides protection for three types of privileges: deliberative process privilege, attorney-client privilege and attorney work product privilege. Each privilege has a separate standard that must be satisfied and it is imperative that ATF distinguish which privilege is being invoked *each* time it redacts information pursuant to (b)(5).

Third, ATF has misapplied FOIA exemption (b)(6) and overused it. Many of the documents redacted pursuant to the personal privacy exemption of (b)(6) are Sheryl Hall's own email. Surely this is not the purpose of (b)(6). Additionally, much of the information redacted is readily available in other documents released by ATF. This inconsistent misapplication of (b)(6) is unsatisfactory.

ATF has also overused FOIA exemption (b)(6). Exemption (b)(6) is meant to protect certain types of personal information, most generally, names and identifying information from medical, personnel, or similar files. ATF has instead redacted entire paragraphs or pages of information pursuant to (b)(6). ATF has either overused (b)(6), or has failed to segregate the allegedly protected information.

As mentioned above, there is no indication from ATF that a segregability analysis was done. In fact, the amount of redactions suggest that such an analysis was not done. It is ATF's FOIA obligation to perform a segregability analysis and release all segregable information.

Lastly, there are a few redacted pages that do not contain specific exemption claims. For example, pages 9, 11, 13 and 37 do not contain specific exemption claims. It is absolutely necessary that ATF provide these and any other missing claims of exemption.

I look forward to your response.

Hall FOIA Appeal
Page 3

Sincerely,

JUDICIAL WATCH, INC.

*Paul J. Orfanedes*

Paul J. Orfanedes