IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD HALL  )<br>)<br>and )<br>)<br>SHERYL HALL.  )<br>)<br>　　　　Plaintiffs,  )<br>)<br>v.  )<br>)<br>U.S. DEPARTMENT OF JUSTICE,  )<br>)<br>　　　　Defendant.  )<br>_____) | Civil Action No. 06-1540 (HHK) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION**

Plaintiffs, by counsel, respectfully submit this opposition to Defendant's Motion for Reconsideration. As grounds therefor, Plaintiff state as follows:

**MEMORANDUM OF LAW**

**I.   INTRODUCTION.**

Over three months after this Court issued its May 14, 2008 order denying Defendant's motion for summary judgment, Defendant has inexplicably moved for reconsideration of the portion of the order requiring Defendant to release information it claims is exempt 5 U.S.C. §552(b)(6). Defendant's motion is untimely, and should be summarily denied on that basis alone. In addition, Defendant has completely failed to demonstrate that there has been an intervening change in controlling law, availability of new evidence, or a need to correct clear error or prevent manifest injustice.

## II.     ARGUMENT.

### A.     Defendant's Motion Is Untimely.

Defendant filed its motion pursuant to FRCP 54(b) which governs motions for reconsideration filed after an interlocutory order and before the entry of a final judgment. Although Rule 54(b) does not provide express service or filing requirements, courts have held that "such motions should be brought within a *reasonable* period after an interlocutory order during pendency of the litigation." *Tax Analysts v. IRS*, 152 F. Supp 2d 1, 5 at n.4 (D.D.C. 2001) (emphasis in original).

The court in *Tax Analysts* cited a district court case in which a motion for reconsideration pursuant to FRCP 54(b) was deemed timely when filed *11 days* after entry of an interlocutory order. *See Pivot Point Int., Inc. v. Charlene Products, Inc.*, 816 F.Supp. 1286, 1287-88 (N.D. Ill. 1993). In the instant case, Defendant waited over *14 weeks* to file its motion, manifestly unreasonable in a simple FOIA case regarding only a handful of documents. Defendant has cited no case in which such an extensive delay has been found reasonable. Therefore, Defendant's motion should be denied for its lack of timeliness alone.

### B.     Defendant Has Failed to Meet the Standard for Granting a Motion for Reconsideration.

The standard governing a motion for reconsideration is clear in this Circuit. Such motions are discretionary and "need not be granted unless the district court finds that there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).

Defendant does not come close to meeting this high standard. First, it cannot point to any

change in the law governing FOIA Exemption 6.  The relevant case in this instance is *Davis Department of Justice*, 968 F.2d 1276, 1279 (D.C. Cir. 1992) which clearly states that the "government cannot rely on an otherwise valid exemption claim to justify withholding information that has been 'officially acknowledged' or is in the public domain." Defendant cites no change to this bedrock principle of FOIA jurisprudence in its motion.  Second, Defendant does not provide any new evidence to the court at all, let alone evidence that would support a reversal of the Court's May 14, 2008 decision.  Finally, Defendant fails to demonstrate that reversal of the Court's May 14, 2008 decision would prevent injustice.  Plaintiff notes that the vast majority of information withheld under Exemption 6 in this matter consists of names redacted from e-mails that were sent by Plaintiff Sheryl Hall.  There is simply no possible injustice in releasing to Plaintiff information contained in correspondence originating from Plaintiff herself.

Defendant is essentially attempting, months after the fact, to reargue the motion for summary judgment that it lost when the Court issued its earlier ruling.  Motions for reconsideration are not intended to provide a losing party an opportunity to relitigate issues on which it has lost earlier in a case. *Singh v. George Washington University*, 383 F.Supp 2d 99, 101 (D.D.C 2005).

### III.  CONCLUSION.

Defendant's motion is untimely and completely fails to meet the clear standards set out by this Court reconsideration of an order.  Defendant's Motion for Reconsideration should be denied.

        Respectfully submitted,

        /s/ Jason B. Aldrich
        D.C. Bar No. 495488
        Suite 500
        501 School Street, S.W.
        Washington, DC  20024
        Tel:   (202) 646-5172
        Fax:  (202) 646-5199

        Attorney for Plaintiffs